IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARTIN P. SHEEHAN,**

    Trustee – Appellant,

v.                               **Civil Action No. 5:11cv160**

**SAMUEL T. POSIN,**

    Debtor – Appellee.

---

**IN RE:**

**SAMUEL T. POSIN,**                     **Bankruptcy No. 10-bk-10-02130**

    **Debtor.**

---

**MEMORANDUM IN OPPOSITION TO APPELLANT'S BRIEF**

**PRELIMINARY STATEMENT**

On or about October 7, 2010, Samuel T. Posin filed his voluntary bankruptcy petition with the Bankruptcy Court for the Northern District of West Virginia, pursuant to Chapter 7 of the U.S. Bankruptcy Code, 11U.S.C., in Bankruptcy Case Number 10-bk-10-02130.

On or about November 23, 2010, Trustee, Martin P. Sheehan, objected to the claim of exemptions asserted by Debtor.

After a hearing on the matter, the Bankruptcy Court entered an Order on March 10, 2011. Trustee's objection was sustained and the exemptions regarding the real property were determined to be available to Debtor's interest in property only after satisfaction of all outstanding tax liens.[1]  The Court further Ordered that Trustee and Debtor's counsel jointly

---

[1] Debtor's real property consisted of his residence situate at 28 Clinton Drive, Triadelphia Ohio County, West

prepare a list of personal property which (a) Trustee was actually interested in administering; (b) which Trustee believed was governed by applicable liens; and (c) Debtor agreed or disagreed should be administered.

On or about August 25, 2011, Trustee filed a Report to Court and Request for Decision on Pending Objections, which indicated Trustee intended to liquidate the following property: 1) the residence, previously sold;[2] 2) jewelry (previously held for sale by dissolved entity owned by Debtor) – previously delivered to Trustee;[3] 3) 1991 Oldsmobile, vehicle made available to Trustee;[4] and 4) 2002 Lincoln LS, vehicle still in possession of Debtor.

On or about August 30, 2011, Trustee, filed with the Bankruptcy Court, a Motion for Turnover of Asset or to Require Debtor to pay the Value Thereof to Trustee for the aforesaid 2002 Lincoln LS, of which Trustee claimed that Debtor had no equity in the property because of secured tax creditors. Trustee objected to the exemptions claiming there were substantial liens in favor of the State of West Virginia and its agencies. According to Trustee, It did not appear Debtor has any equity in any property.

---

Virginia. The real estate was secured by a deed of trust. Debtor was in arrears with the mortgage payments and had no ability to bring his mortgage payments current or pay the current monthly mortgage payment and arrearage in a Chapter 13 bankruptcy. Because of Debtor's financial situation and his inability to keep the home, he had no objection to Trustee selling the real estate, satisfying the first mortgage, collecting a trustee's fee and attorney fees and paying the balance, if any, to lienholders. As of this date, Trustee has failed to file a Report of Sale with the Bankruptcy Court; thus, it is impossible to ascertain if lienholders benefited from Trustee's sale of the real estate.

[2] The contract sales price for the real property was $115,000. The real estate commission of 6%, paid to Jenny Siebert, which should have amounted to $6900. The mortgage payoff to Select Portfolio Servicing was at least $91,345.28. The balance of the $16,754.72 would be used to satisfy the pro-ration of real estate taxes and other fees associated with the closing with the balance being paid to Trustee.

[3] Debtor provided Trustee, jewelry previously owned by Debtor's jewelry store. Debtor did not object to Trustee liquidating the jewelry for the benefit of lienholders. At this time, it is believed that Trustee has not yet liquidated jewelry. If Trustee liquidates the jewelry, it is believed that the estate will incur the expense of the auction, Trustee's commission and Trustee's attorney fees. At this time, it is impossible to ascertain if lienholders benefited from Trustee's sale of the jewelry.

[4] On numerous occasions, Debtor offered to sell the 1991 Oldsmobile and remit the funds to Trustee free of any expenses. Trustee refused to permit Debtor to sell the vehicle or move it from the residence at 28 Clinton Drive, Triadelphia Ohio County, West Virginia. The vehicle remained at the residence after Debtor vacated the premises. The ignition key was lost when Debtor vacated the residence. If Trustee had the vehicle auction, it is believed that the estate incurred the expenses of obtaining a new ignition key, the auction, Trustee's commission and Trustee's attorney fees and other administrative expenses. At this time, it is impossible to ascertain if lienholders benefited

Debtor argued that if it were determined that Trustee were entitled to liquidate assets that are over encumbered by pre-bankruptcy liens, Debtor would not be afforded the "fresh start" intended by Congress. Debtor's sole source of transportation is the 2002 Lincoln, listed and exempted on his schedule of assets, having an estimated fair market value of $8,000.00 at the time he filed his Chapter 7 Bankruptcy Petition. No taxing authority or any other lienholders or creditors have ever attempted to secure Debtor's automobile or other personal property to satisfy priority or any other liens. Debtor argued that if Trustee were permitted to sell this asset, there would be a deminimus benefit to creditors, if any, after costs of liquidation and administrative expenses and there would be a significant detriment to Debtor because the vehicle is his only means of transportation. Tax liabilities would still exist, and if Debtor had no means of transportation to work, he would have no means to pay any of the remaining tax liabilities. No taxing authority or lienholder had then, or has at any time thereafter, moved the Court to liquidate Debtor's assets.

The Bankruptcy Court, by Order entered September 26, 2011, ordered the following:

> [t]he vehicle was claimed as an exemption on the Debtor's bankruptcy schedules and the Trustee asserts that the full value of the vehicle is subject to liens held by the taxing authorities. The Trustee seeks to administer this asset for the benefit of the taxing authorities. This Court will not interfere with the discretion of the lienholders when they do not attempt to modify the automatic stay to execute on liens and the taxing authorities choose not to do so in some cases.

**QUESTION PRESENTED**

---

from Trustee's sale of the 1991 Oldsmobile.

1. Did the vehicle become property of the estate at filing?

2. Did Debtor have a valid exemption to the vehicle in light of the lack of equity in the vehicle?

3. Does Trustee have an obligation to liquidate the vehicle for the benefit of creditors, in light of 11 U.S.C. § 724(b)(2)?

4. Did the Bankruptcy Court err by substituting its judgment for the business judgment of Trustee about liquidation of the vehicle?

## ARGUMENT

**1.  Did the vehicle become property of the estate at filing?**

Debtor does not disagree with Trustee's representation that the vehicle became property of the estate at filing.

**2. Did Debtor have a valid exemption to the vehicle in light of the lack of equity in the vehicle?**

Debtor does not disagree with Trustee's representation that tax liens over encumbered Debtor's equity in the vehicle at the time Debtor filed his voluntary bankruptcy petition with the Bankruptcy Court for the Northern District of West Virginia.

The debtors in, In re Tobin, 202 B.R. 339 (Bankr.R.I., 1996), filed a notice of intention to sell real estate for the sum of $200,000.  The Real Estate was subject to a first mortgage in an amount exceeding $200,000. In addition, the Real Estate was subject to a second mortgage in an amount exceeding $51,000.  The property was sold for $193,143. Chase had a first mortgage on the real estate, with a balance due of $196,831.  Subsequent to the sale, the trustee negotiated with the Bank "a carve out of $1,000 to cover administrative expenses and a distribution to the unsecured creditors. The court held that the approval of such token "carve outs" for the sole

purpose of creating a Trustee's commission (for administering secured assets that should have been abandoned pursuant to 11 U.S.C. § 554), is a practice neither contemplated by nor provided for in the Bankruptcy Code.

> To the contrary, § 704 of the Code, "Duties of Trustee," requires the trustee to:
>
> (1) collect and reduce to money the property of the estate for which trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

The court found that according to 11 U.S.C. § 704(1), the mission of the Chapter 7 trustee is also to "enhance the debtor's estate for the benefit of unsecured creditors," In re Bequette, 184 B.R. 327 (Bankr.S.D.Ill.1995) (emphasis added), and the administration of assets by Chapter 7 trustees, where the property is clearly over-encumbered by valid liens, in no way comports with their obligation to enhance the estate for the benefit of unsecured creditors and to expeditiously close the estate.  The Court also found that the practice also runs afoul of the United States Trustee's own prohibition against selling collateral for secured creditors, where there is no accompanying benefit to the estate.

> A trustee should only sell assets that will generate income for the estate. In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset, and whether the value of the asset exceeds the liens. The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset. If the sale of an asset would result in little or no income to the estate for the benefit of creditors, the trustee should abandon it.
>
> See Handbook for Chapter 7 Trustees, published by the Executive Office of the United States Trustee, at 56.

> The recent version of the Handbook states:
>
> A trustee should only sell assets that will generate sufficient proceeds to ensure a distribution to unsecured creditors, priority or general. In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset and whether the value of the asset exceeds the liens. The trustee must

also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset. If the sale of an asset would result in little or no equity for the estate for the benefit of unsecured creditors, the trustee should abandon the asset.

See Handbook for Chapter 7 Trustees, published by the Executive Office of the United States Trustee, at 76.

Therefore, there is no equity for Trustee to administer. Lienholders are free to take whatever action they deem appropriate; however, Trustee should not be permitted to dictate his desire to liquidate assets to pay a miniscule amount, if that, to lienholders who have neither taken steps to liquidate assets nor requested Trustee liquidate assets on their behalf.

**3. Does Trustee have an obligation to liquidate the vehicle for the benefit of creditors, in light of 11 U.S.C. § 724(b)(2)?**

This argument was not presented to the Bankruptcy Court; however, the court in, In re Luban (Bankr. S.D.Fla., 2011) addressed a similar issue. In that case, an elderly couple owned a home worth approximately $189,500 with mortgages totaling $234,022. Debtors did not claim their home exempt on their Bankruptcy Schedule C. Debtors elected to avail themselves of the "Additional Personal Property Exemptions" provided by Florida Statute to protect their two motor vehicles that enable them to go to and from work, and to care for their disabled son. The Chapter 7 Trustee objected to Debtors' claimed exemptions and objected to the request to convert to Chapter 13. The Chapter 7 trustee claimed, "What should be done is the Debtors should not convert their case to one under Chapter 13, but amend their schedules to declare the homestead exemption and pay the Trustee to value of the non-exempt portion of their vehicle, or otherwise don't amend and allow the Trustee to sell the Property, subject to any liens interests and encumbrances." The Court said:

Although it is clear and widely known that the Chapter 7 Trustee owes fiduciary duties to the unsecured creditors of the estate, the Trustee also owes fiduciary duties to under-secured creditors, secured creditors and the debtors. The Handbook for Chapter 7 Trustees, published by the U.S. Department of Justice, Executive Office for U.S. Trustees ("the Chapter 7 Trustee Handbook"), Chapter 6 (DUTIES OF A TRUSTEE), Section B. (STATUTORY AND GENERAL DUTIES), provides in pertinent part:
The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries - namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property.

The Court seriously questioned how it advanced the purpose of the Bankruptcy Code for a Chapter 7 Trustee to administer the estate. The Court indicated that the assets to be marshaled would be split among Trustee and his professionals, leaving perhaps a small percentage of value for unsecured creditors. The Court recognized that the costs inflicted by such administration may include:

(a) honest Debtors in need of a fresh start and their disabled son being driven from their home despite (or perhaps because of) the fact they are current on their mortgages;
(b) a $133,857.00 first mortgage that is being paid going into default and the lien holder necessarily incurring the costs of a foreclosure action;
(c) a $100,165.00 under-secured second mortgage that is being paid also going into default and the creditor likely suffering a significant loss;
(d) a Miami-Dade County real property tax obligation that is being paid going into delinquency; and
(e) another Miami-Dade County single family home going into foreclosure, and needlessly adding another case to an already-overburdened court system.

The Court exclaimed the following:

Trustee's position in this case is misguided and wholly inappropriate. The Trustee appears to want to administer a fully secured asset primarily for his benefit and the benefit of his professionals, at great cost to the Debtors' interests and at great cost to the interests of the first and second mortgage holders, not to mention whatever damage would result to Miami-Dade County for delinquent tax revenues.

Much like the trustee's position in Luban, Trustee's position in this case is misguided and

wholly inappropriate. The administration of a vehicle with minimal value, will not benefit lienholders or creditors.

4. **Did the Bankruptcy Court err by substituting its judgment for the business judgment of the trustee about liquidation of the vehicle?**

The issue confronting this Court is whether the Bankruptcy Court Judge abused his discretion when he entered an order saying that the Court would not interfere with the discretion of the lienholders, but would not order that Trustee could liquidate assets for the benefit of lienholders.

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, "the district court... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). With respect to a bankruptcy court's conclusions of law, the appropriate standard of review is *de novo. See* **In re Mitrano,** 409 B.R. 812, 815 (E.D. Va. 2009); *In re Meredith,* 527 F.3d 372, 375 (4th Cir. 2008); **Gilbert v. Scratch 'N Smell, Inc.,** 756 F.2d 320 (4th Cir. 1985). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those

facts.  *See* **Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond,** 80 F.3d 895, 905 (4th Cir. 1996).  The decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion.  *See* **In re Morris,** 385 B.R. 823, 828 (E.D. Va. 2008).  "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." *Whitehead v. Food Max of Mississippi, Inc.,* 332 F.3d 796, 803 (5th Cir.) (en banc) *cert. denied sub nom. Minor v. Kmart Corp.,* 540 U.S. 1047, 124 S.Ct. 807, 157 L.Ed.2d 694 (2003).

The Bankruptcy Court's decision that the Court would not interfere with the discretion of the lienholders, but would not order that Trustee could liquidate assets for the benefit of lienholders is certainly within the discretion and authority of the court and is a reasonable conclusion to be adopted by the Court; therefore, the Bankruptcy Court did not err by substituting its judgment for the business judgment of the trustee about liquidation of the vehicle.

## CONCLUSION

Wherefore Debtor asks that the order of the Bankruptcy Court be Affirmed and that this appeal be dismissed and stricken from the active docket of this Court.

Dated: December 30, 2011

/s/ Thomas E. McIntire

## CERTIFICATE OF SERVICE

I, Thomas E. McIntire, do hereby certify that on the 30th day of December, 2011, I filed electronically Memorandum in Opposition to Appellant's Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Debra Wertman, U.S. Trustee
Ustpregion04.ct.ecf@usdoj.gov

Martin P. Sheehan, Trustee
sheehanparalegal@wvdsl.net

/s/ Thomas E. McIntire
Thomas E. McIntire, Esquire

This document prepared by:
Thomas E. McIntire, Esquire
82 1/2 Fourteenth Street
Wheeling WV  26003
(304) 232-8600
W. Va. State Bar No. 2471